# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

LOGAN IRELAND, ASHLEY DAVIS, ALYXANDRA ANGUIANO, AUBREIGH HEDRICH, AXEL STERRETT, BRANDI SOUKUP, CHRIS ROGERS, CLAIRE ELLIOTT, COREY HUNT, CORVUS COPPER, DEVIN BABLE, JACK ROUSCH, KIRA BRIMHALL, LINDELL WALLEY, MIKAYLA BARFIELD, NOELLE HART, RUPERT CASSIDY,

    Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

No. 25-1921 C

## COMPLAINT

1. Plaintiffs are 17 transgender members of the United States Air Force or the United States Space Force. The United States Air Force and the United States Space Force are both organized under the Department of the Air Force and fall under the leadership of the Secretary of the Air Force. The Air Force issued retirement orders to all 17 Plaintiffs in June 2025, granting them retirement with 15–18 years of service "BY ORDER OF THE SECRETARY OF THE AIR FORCE." In August 2025, the Air Force rescinded all 17 of these retirement orders. But the Air Force's own retirement instruction—DAFI 36-3203—provides that retirement orders may only be rescinded under very limited circumstances, none of which were present here. This lawsuit seeks to reinstate Plaintiffs' retirement orders, to restore the retirement status and associated benefits to which those orders entitled Plaintiffs, and to recover any damages that Plaintiffs

accrue—including lost retirement pay under 10 U.S.C. § 9329—due to the rescission of those orders.

## JURISDICTION AND VENUE

2. Jurisdiction and venue are proper in this Court under the Tucker Act, 28 U.S.C. § 1491(a), because this lawsuit entails a "claim against the United States founded either upon . . . any Act of Congress or any regulation of an executive department . . . or for . . . unliquidated damages in [a] case[] not sounding in tort" and seeks, "as an incident of and collateral to any . . . judgment, [an] order[] directing . . . placement in appropriate . . . retirement status, and correction of applicable records."

3. The money-mandating basis for this action is 10 U.S.C. § 9329, which requires the payment of retirement pay to retired Air Force and Space Force members.

## PARTIES

4. Plaintiff Master Sergeant Logan Ireland is an enlisted member of the Air Force. He has served in the Air Force since November 23, 2010.

5. Plaintiff Lieutenant Colonel Ashley Tea Davis is a commissioned officer of the Air Force. She has been a commissioned officer since July 22, 2009.

6. Plaintiff Technical Sergeant Alyxandra Anguiano is an enlisted member of the Air Force. She has served in the Air Force since May 15, 2010.

7. Plaintiff Sergeant Aubreigh Hedrich is an enlisted member of the Space Force. She has served in the Space Force or the Air Force since September 1, 2009.

8. Plaintiff Technical Sergeant Axel Sterrett is an enlisted member of the Air Force. He has served in the Air Force since June 8, 2009.

9. Plaintiff Technical Sergeant Brandi[1] Soukup is an enlisted member of the Air Force. She has served in the Air Force since December 28, 2009.

10. Plaintiff Technical Sergeant Chris Rogers is an enlisted member of the Air Force. She has served in the Air Force since April 29, 2008.

11. Plaintiff Master Sergeant Claire Elliott is an enlisted member of the Air Force. She has served in the Air Force since August 12, 2008.

12. Plaintiff Technical Sergeant Corey Hunt is an enlisted member of the Air Force. She has served in the Air Force since July 8, 2008.

13. Plaintiff Technical Sergeant Corvus Lynn Copper is an enlisted member of the Air Force. He has served in the Air Force since May 18, 2010.

14. Plaintiff Technical Sergeant Devin Bable is an enlisted member of the Air Force. He has served in the Air Force since April 28, 2009.

15. Plaintiff Technical Sergeant Jack Rousch is an enlisted member of the Air Force. He has served in the Air Force since April 27, 2010.

16. Plaintiff Technical Sergeant Kira Brimhall is an enlisted member of the Air Force. She has served in the Air Force since October 19, 2010.

17. Plaintiff Technical Sergeant Lindell Walley is an enlisted member of the Air Force. She has served in the Air Force since April 22, 2008.

18. Plaintiff Technical Sergeant Mikayla[2] Barfield is an enlisted member of the Air Force. She has served in the Air Force since December 29, 2008.

---

[1] Technical Sergeant Soukup's official military records use her former name, Joseph.
[2] Technical Sergeant Barfield's official military records use her former name, Michael.

19. Plaintiff Master Sergeant Noelle[3] Hart is an enlisted member of the Air Force. She has served in the Air Force since November 23, 2010.

20. Plaintiff Technical Sergeant Rupert[4] Cassidy is an enlisted member of the Air Force. He has served in the Air Force since August 25, 2009.

21. Defendant is the United States of America.

## FACTUAL BACKGROUND

**A. 10 U.S.C. § 9329 entitles Air Force and Space Force members retired under 10 U.S.C. § 9311 or § 9314 to retirement pay.**

22. Chapter 941 of title 10 of the United States Code provides the statutory framework for the retirement of members of the Air Force and Space Force for length of service.

23. Within chapter 941:

   a. 10 U.S.C. § 9311, previously numbered § 8911, provides that "[t]he Secretary of the Air Force may, upon the officer's request, retire a regular or reserve commissioned officer of the Air Force or the Space Force who has at least 20 years of service computed under section 9326 of this title, at least 10 years of which have been active service as a commissioned officer";

   b. 10 U.S.C. § 9314, previously numbered § 8914, provides that "[u]nder regulations to be prescribed by the Secretary of the Air Force, an enlisted member of the Air Force or the Space Force who has at least 20, but less than 30, years of service computed under section 9325 of this title may, upon his request, be retired"; and

---

[3] Master Sergeant Hart's official military records use her former name, Nathan.
[4] Technical Sergeant Cassidy's official military records use his former name, Vivienne.

4

   c. 10 U.S.C. § 9329, previously numbered § 8929, provides that "[a] member of the Air Force or the Space Force retired under this chapter is entitled to retired pay computed under chapter 945 of this title."

24. Therefore, a member of the Air Force or Space Force who is "retired under" § 9311 or § 9314 is "entitled to retired pay."

**B. Congress authorized the Secretary of the Air Force to make retirement under § 9311 and § 9314 available to members with at least 15 years of service.**

25. In Section 4403 of the National Defense Authorization Act for Fiscal Year 1993, titled Temporary Early Retirement Authority ("TERA"), Congress authorized the Secretaries of the Army, Navy, and Air Force to make retirement available to members with 15 to 20 years of service, with a deduction of 1% in retirement pay for each year short of 20 years of service. *See* 102 P.L. 484, § 4403(b), (e).

26. With respect to the Air Force in particular, Congress authorized the Secretary to make retirement under § 9311 and § 9314—then numbered § 8911 and § 8914—available to members with at least 15 years of service. *See* 102 P.L. 484, § 4403(b)(3).

27. Congress has extended this TERA authorization until December 31, 2025. *See* National Defense Authorization Act for Fiscal Year 2017, 114 P.L. 328, § 508.

28. In addition, the Department of Defense issued a TERA instruction in 2018, in which it reiterated that the Secretaries of the Military Departments—including the Secretary of the Air Force—are authorized until the end of 2025 to make retirement available to members with at least 15 years of service. *See* DoDI 1332.46.

**C.    The Acting Assistant Secretary of the Air Force for Manpower and Reserve Affairs, with authority delegated by the Secretary of the Air Force, permitted transgender Air Force and Space Force members with at least 15 years of service to request retirement under § 9311 and § 9314.**

29.    On January 27, 2025, President Donald Trump issued Executive Order 14183, "Prioritizing Military Excellence and Readiness," in which he directed the Secretary of Defense to take the steps necessary to exclude transgender people from the military.

30.    On February 26, 2025, Darin S. Selnick, Performing the Duties of the Under Secretary of Defense for Personnel and Readiness, issued a Memorandum directing the Secretaries of the Military Departments to take the steps necessary to exclude transgender people from their respective Departments (the "February 26 Memorandum").

31.    On March 27, 2025, in *Shilling v. United States*, the United States District Court for the Western District of Washington issued a nationwide preliminary injunction, temporarily blocking the implementation of the government's transgender military ban.

32.    On May 6, 2025, the United States Supreme Court granted a stay of the preliminary injunction in *Shilling v. United States*, thus allowing the government's ban on transgender military members to take effect.

33.    On May 8, 2025, the Secretary of Defense issued a Memorandum recognizing the May 6, 2025, Supreme Court ruling and setting June 6, 2025, and July 7, 2025, as the deadlines for active-duty service members and reserve service members, respectively, to self-identify and voluntarily separate or else face involuntary separation.

34.    On May 23, 2025, Acting Assistant Secretary of the Air Force for Manpower and Reserve Affairs Gwen R. DeFilippi issued a Memorandum, titled "Additional DAF Implementing Policy on Prioritizing Military Excellence and Readiness," providing "additional implementation guidance to address voluntary separations/retirements and involuntary

6

identification actions" for transgender Air Force and Space Force members (the "May 23 Memorandum").[5]

35. The Acting Assistant Secretary of the Air Force for Manpower and Reserve Affairs issued the May 23 Memorandum pursuant to authority delegated to her by the Secretary of the Air Force. *See, e.g.*, Headquarters Air Force Mission Directive (HAFMD) 1-24, § 3.2.

36. A section of the May 23 Memorandum, titled "Voluntary Separations and Retirements," included the following paragraph regarding TERA for transgender Air Force and Space Force members:

> Service members may apply for voluntary retirement or, if eligible, Temporary Early Retirement Authority (TERA). TERA is permitted in accordance with reference (b) [i.e., the February 26 Memorandum] for Service members with over 18 but less than 20 years of service. Service members with 15 – 18 years of service may request TERA as an exception to policy. Service members with 15 – 18 years of service who have already submitted a voluntary separation may withdraw the separation application and apply for retirement.

37. By providing that "Service members with 15 – 18 years of service may request TERA as an exception to policy," the May 23 Memorandum permitted transgender Air Force and Space Force members with 15–18 years of service to apply for retirement under § 9311 or § 9314.

38. The Air Force Personnel Center then issued updated "Instructions for Service Members with Gender Dysphoria to Request Voluntary Separation, Retirement or a Retention Waiver," which, consistent with the May 23 Memorandum, stated the following regarding TERA for transgender Air Force and Space Force members:

> Members with over 15 years but less than 20 years of active service may be eligible to apply for retirement under the Temporary Early

---

[5] The May 23 Memorandum is attached to this Complaint as Exhibit 1.

Retirement Authority (TERA). While OSD guidance offered use of TERA for SMs with 18-20 years of service, the DAF is extending TERA eligibility to include members who have more than 15 years of service and less than 18 years of service, as an exception to policy (ETP). If applying for TERA with between 15 and 18 years of service, the member will add a remark in the justification block saying they are requesting TERA as an ETP.[6]

39. All Plaintiffs are subject to the ban on transgender service members.

**D. The Air Force issued retirement orders to all Plaintiffs, approving their requests to retire under § 9311 or § 9314 with 15–18 years of service.**

40. Plaintiffs all requested retirement under § 9311 or § 9314 with 15–18 years of service as an exception to policy.

41. Between June 6 and June 30, 2025, the Air Force issued retirement orders to all Plaintiffs, granting their requests to retire with 15–18 years of service.

42. Specifically:

   a. On June 6, 2025, the Air Force issued Master Sargeant Ireland Special Order No. AC-005881, which granted him retirement with 15 years and 8 days of active service and a December 1, 2025, retirement effective date.[7]

   b. On June 10, 2025, the Air Force issued Lieutenant Colonel Davis Special Order No. AC-005924 that granted her retirement with 17 years, 8 months, and 16 days of active service and an October 1, 2025, retirement effective date.[8]

---

[6] The application instructions are attached to this Complaint as Exhibit 2.

[7] Master Sergeant Ireland's retirement order is attached to this Complaint as Exhibit 3.

[8] Master Lieutenant Colonel Davis's retirement order is attached to this Complaint as Exhibit 4.

    c.  On June 16, 2025, the Air Force issued Technical Sergeant Anguiano Special Order No. AC-005986, which granted her retirement with 15 years, 6 months, and 13 days of active service and a December 1, 2025, retirement effective date.[9]

    d.  On June 6, 2025, the Air Force issued Sergeant Hedrich Special Order No. AC-005874, which granted her retirement with 16 years and 3 months of active service and a December 1, 2025, retirement effective date.[10]

    e.  On June 10, 2025, the Air Force issued Technical Sergeant Sterrett Special Order No. AC-005936, which granted him retirement with 16 years, 2 months, and 23 days of active service and a September 1, 2025, retirement effective date.[11]

    f.  On June 30, 2025, the Air Force issued Technical Sergeant Soukup Special Order No. AC-006114, which granted her retirement with 15 years, 8 months, and 3 days of active service and a September 1, 2025, retirement effective date.[12]

    g.  On June 10, 2025, the Air Force issued Technical Sergeant Rogers Special Order No. AC-005938, which granted her retirement with 17 years, 7 months, and 2 days of active service and a December 1, 2025, retirement effective date.[13]

    h.  On June 10, 2025, the Air Force issued Master Sergeant Elliott Special Order No. AC-005942, which granted her retirement with 17 years, 3 months, and 19 days of active service and a December 1, 2025, retirement effective date.[14]

---

[9] Technical Sergeant Anguiano's retirement order is attached to this Complaint as Exhibit 5.

[10] Sergeant Hedrich's retirement order is attached to this Complaint as Exhibit 6.

[11] Technical Sergeant Sterrett's retirement order is attached to this Complaint as Exhibit 7.

[12] Technical Sergeant Soukup's retirement order is attached to this Complaint as Exhibit 8.

[13] Technical Sergeant Rogers's retirement order is attached to this Complaint as Exhibit 9.

[14] Master Sergeant Elliott's retirement order is attached to this Complaint as Exhibit 10.

      i.      On June 11, 2025, the Air Force issued Technical Sergeant Hunt Special Order No. AC-005963, which granted him retirement with 17 years, 2 months, and 23 days of active service and an October 1, 2025, retirement effective date.[15]

      j.      On June 10, 2025, the Air Force issued Technical Sergeant Copper Special Order No. AC-005923, which granted him retirement with 15 years, 6 months, and 13 days of active service and a December 1, 2025, retirement effective date.[16]

      k.      On June 10, 2025, the Air Force issued Technical Sergeant Bable Special Order No. AC-005921, which granted him retirement with 16 years, 7 months, and 3 days of active service and a December 1, 2025, retirement effective date.[17]

      l.      On June 10, 2025, the Air Force issued Technical Sergeant Rousch Special Order No. AC-005935, which granted him retirement with 15 years, 7 months, and 4 days of active service and a December 1, 2025, retirement effective date.[18]

      m.      On June 6, 2025, the Air Force issued Technical Sergeant Brimhall Special Order No. AC-005866, which granted her retirement with 15 years, 1 month, and 12 days of active service and a December 1, 2025, retirement effective date.[19]

      n.      On June 11, 2025, the Air Force issued Technical Sergeant Walley Special Order No. AC-005970, which granted her retirement with 17 years, 5 months, and 9 days of active service and an October 1, 2025, retirement effective date.[20]

---

[15] Technical Sergeant Hunt's retirement order is attached to this Complaint as Exhibit 11.

[16] Technical Sergeant Copper's retirement order is attached to this Complaint as Exhibit 12.

[17] Technical Sergeant Bable's retirement order is attached to this Complaint as Exhibit 13.

[18] Technical Sergeant Rousch's retirement order is attached to this Complaint as Exhibit 14.

[19] Technical Sergeant Brimhall's retirement order is attached to this Complaint as Exhibit 15.

[20] Technical Sergeant Walley's retirement order is attached to this Complaint as Exhibit 16.

o. On June 10, 2025, the Air Force issued Technical Sergeant Barfield Special Order No. AC-005922, which granted her retirement with 16 years, 10 months, and 2 days of active service and a November 1, 2025, retirement effective date.[21]

p. On June 6, 2025, the Air Force issued Master Sergeant Hart Special Order No. AC-005846, which granted her retirement with 15 years and 8 days of active service and a December 1, 2025, retirement effective date.[22]

q. On June 16, 2025, the Air Force issued Technical Sergeant Cassidy Special Order No. AC-005995, which granted him retirement with 16 years, 3 months, and 6 days of active service and a December 1, 2025, retirement effective date.[23]

43. Each of these retirement orders states on its face that it is "BY ORDER OF THE SECRETARY OF THE AIR FORCE."

44. Department of the Air Force Instruction 36-3203, titled "Service Retirements," establishes the following with respect to issued retirement orders:

> The appropriate agency may only revoke, rescind, or amend the order if fraud, manifest error, mathematical error, mistake of law, or substantial new evidence renders the order invalid. The appropriate agency may amend or rescind retirement orders when, in rare circumstances such as medical hold, civil confinement, or prohibiting conditions listed in Table 3.1 or restrictions listed in Table 3.2, a member cannot complete retirement processing before the effective retirement date. (T-1)

DAFI 36-3203, § 1.1.4.[24]

---

[21] Technical Sergeant Barfield's retirement order is re attached to this Complaint as Exhibit 17.

[22] Master Sergeant Hart's retirement order is attached to this Complaint as Exhibit 18.

[23] Technical Sergeant Cassidy's retirement order is attached to this Complaint as Exhibit 19.

[24] DAFI 36-3203 is attached to this Complaint as Exhibit 20.

11

E.  **The Air Force impermissibly rescinded Plaintiffs' retirement orders.**

45. In July 2025, Acting Assistant Secretary of the Air Force for Manpower and Reserve Affairs DeFilippi was removed from her position and Brian L. Scarlett, Senior Advisor to the Assistant Secretary of the Army for Manpower and Reserve Affairs, was selected to perform the duties of Assistant Secretary of the Air Force for Manpower and Reserve Affairs.

46. On August 4, 2025, Scarlett, Performing the Duties of Assistant Secretary of the Air Force for Manpower and Reserve Affairs, issued a Memorandum, titled "Exception to Policy (ETP) for Temporary Early Retirement Authority (TERA) Decision" (the "August 4 Memorandum").[25]

47. The August 4 Memorandum stated the following:

> After careful consideration of the individual applications, I am disapproving all Temporary Early Retirement Authority (TERA) exception to policy requests in Tabs 1 and 2 for members with 15-18 years of service. The decisions were made following the guidance set forth in references (a) [i.e., the February 26 Memorandum] and (b) [i.e., the May 23 Memorandum].
>
> In lieu of TERA, members are eligible for voluntary separation, with eligibility for Voluntary Separation Pay (VSP) at twice the amount of involuntary separation pay. . . .
>
> Service members who elect not to voluntarily separate will be processed for involuntary separation.

48. Plaintiffs all appeared on Tab 1 or Tab 2 to the August 4 Memorandum.

49. The Voluntary Separation Pay referenced in the August 4 Memorandum pales in comparison to the retirement pay and other benefits to which an approved retirement application would entitle a member with 15–18 years of service.

---

[25] The August 4 Memorandum is attached to this Complaint as Exhibit 21.

50. After the issuance of the August 4 Memorandum, Plaintiffs received orders rescinding their previously approved retirement applications.

51. Specifically:

    a. On August 7, 2025, Master Sergeant Ireland received Special Order No. AC-006426, which stated, in pertinent part, "DAFSO[26] AC-005881, 06 JUN 2025, RELATING TO YOUR DATE RELIEVED FROM ACTIVE DUTY 30 NOV 2025 AND RETIREMENT 01 DEC 2025 IS RESCINDED."[27]

    b. On September 9, 2025, Lieutenant Colonel Davis received Special Order No. AC-006597, which stated, in pertinent part, "DAFSO AC-005924, 10 JUN 2025, RELATING TO YOUR DATE RELIEVED FROM ACTIVE DUTY 30 SEP 2025 AND RETIREMENT 01 OCT 2025 IS RESCINDED."[28]

    c. On August 7, 2025, Technical Sergeant Anguiano received Special Order No. AC-006410, which stated, in pertinent part, "DAFSO AC-005986, 16 JUN 2025, RELATING TO YOUR DATE RELIEVED FROM ACTIVE DUTY 30 NOV 2025 AND RETIREMENT 01 DEC 2025 IS RESCINDED."[29]

    d. On August 7, 2025, Sergeant Hedrich received Special Order No. AC-006413, which stated, in pertinent part, "DAFSO AC-005874, 06 JUN 2025, RELATING TO

---

[26] "DAFSO" means "Department of the Air Force Special Order."

[27] Master Sergeant Ireland's retirement rescission order is attached to this Complaint as Exhibit 22.

[28] Lieutenant Colonel Davis's retirement rescission order is attached to this Complaint as Exhibit 23.

[29] Technical Sergeant Anguiano's retirement rescission order is attached to this Complaint as Exhibit 24.

YOUR DATE RELIEVED FROM ACTIVE DUTY 30 NOV 2025 AND RETIREMENT 01 DEC 2025 IS RESCINDED.."[30]

      e.      On August 7, 2025, Technical Sergeant Sterrett received Special Order No. AC-006423, which stated, in pertinent part, "DAFSO AC-005936, 10 JUN 2025, RELATING TO YOUR DATE RELIEVED FROM ACTIVE DUTY 31 AUG 2025 AND RETIREMENT 01 SEP 2025 IS RESCINDED."[31]

      f.      On August 7, 2025, Technical Sergeant Soukup received Special Order No. AC-006422, which stated, in pertinent part, "DAFSO AC-006114, 30 JUN 2025, RELATING TO YOUR DATE RELIEVED FROM ACTIVE DUTY 31 AUG 2025 AND RETIREMENT 01 SEP 2025 IS RESCINDED."[32]

      g.      On August 7, 2025, Technical Sergeant Rogers received Special Order No. AC-006421, which stated, in pertinent part, "DAFSO AC-005938, 10 JUN 2025, RELATING TO YOUR DATE RELIEVED FROM ACTIVE DUTY 30 NOV 2025 AND RETIREMENT 01 DEC 2025 IS RESCINDED."[33]

      h.      On August 7, 2025, Master Sergeant Elliott received Special Order No. AC-006415, which stated, in pertinent part, "DAFSO AC-005942, 10 JUN 2025, RELATING

---

[30] Sergeant Hedrich's retirement rescission order is attached to this Complaint as Exhibit 25.

[31] Technical Sergeant Sterrett's retirement rescission order is attached to this Complaint as Exhibit 26.

[32] Technical Sergeant Soukup's retirement rescission order is attached to this Complaint as Exhibit 27.

[33] Technical Sergeant Rogers's retirement rescission order is attached to this Complaint as Exhibit 28.

14

TO YOUR DATE RELIEVED FROM ACTIVE DUTY 30 NOV 2025 AND RETIREMENT 01 DEC 2025 IS RESCINDED."[34]

        i.      On August 7, 2025, Technical Sergeant Hunt received Special Order No. AC-006419, which stated, in pertinent part, "DAFSO AC-005963, 11 JUN 2025, RELATING TO YOUR DATE RELIEVED FROM ACTIVE DUTY 30 SEP 2025 AND RETIREMENT 01 OCT 2025 IS RESCINDED."[35]

        j.      On September 9, 2025, Technical Sergeant Copper received Special Order No. AC-006600, which stated, in pertinent part, "DAFSO AC-005923 10 JUN 2025, RELATING TO YOUR DATE RELIEVED FROM ACTIVE DUTY 30 NOV 2025 AND RETIREMENT 01 DEC 2025 IS RESCINDED."[36]

        k.      On August 7, 2025, Technical Sergeant Bable received Special Order No. AC-006412, which stated, in pertinent part, "DAFSO AC-005921, 10 JUN 2025, RELATING TO YOUR DATE RELIEVED FROM ACTIVE DUTY 30 NOV 2025 AND RETIREMENT 01 DEC 2025 IS RESCINDED."[37]

        l.      On September 9, 2025, Technical Sergeant Rousch received Special Order No. AC-006601, which stated, in pertinent part, "DAFSO AC-005935, 10 JUN 2025,

---

[34] Master Sergeant Elliott's retirement rescission order is attached to this Complaint as Exhibit 29.

[35] Technical Sergeant Hunt's retirement rescission order is attached to this Complaint as Exhibit 30.

[36] Technical Sergeant Copper's retirement rescission order is attached to this Complaint as Exhibit 31.

[37] Technical Sergeant Bable's retirement rescission order is attached to this Complaint as Exhibit 32.

RELATING TO YOUR DATE RELIEVED FROM ACTIVE DUTY 30 NOV 2025 AND RETIREMENT 01 DEC 2025 IS RESCINDED."[38]

  m. On August 7, 2025, Technical Sergeant Brimhall received Special Order No. AC-006411, which stated, in pertinent part, "DAFSO AC-005866, 06 JUN 2025, RELATING TO YOUR DATE RELIEVED FROM ACTIVE DUTY 30 NOV 2025 AND RETIREMENT 01 DEC 2025 IS RESCINDED."[39]

  n. On August 7, 2025, Technical Sergeant Walley received Special Order No. AC-006425, which stated, in pertinent part, "DAFSO AC-005970, 11 JUN 2025, RELATING TO YOUR DATE RELIEVED FROM ACTIVE DUTY 30 SEP 2025 AND RETIREMENT 01 OCT 2025 IS RESCINDED."[40]

  o. On September 9, 2025, Technical Sergeant Barfield received Special Order No. AC-006599, which stated, in pertinent part, "DAFSO AC-005922, 10 JUN 2025, RELATING TO YOUR DATE RELIEVED FROM ACTIVE DUTY 31 OCT 2025 AND RETIREMENT 01 NOV 2025 IS RESCINDED."[41]

  p. On August 7, 2025, Master Sergeant Hart received Special Order No. AC-006416, which stated, in pertinent part, "DAFSO AC-005846, 06 JUN 2025, RELATING TO

---

[38] Technical Sergeant Rousch's retirement rescission order is attached to this Complaint as Exhibit 33.

[39] Technical Sergeant Brimhall's retirement rescission order is attached to this Complaint as Exhibit 34.

[40] Technical Sergeant Walley's retirement rescission order is attached to this Complaint as Exhibit 35.

[41] Technical Sergeant Barfield's retirement rescission order is attached to this Complaint as Exhibit 36.

YOUR DATE RELIEVED FROM ACTIVE DUTY 30 NOV 2025 AND RETIREMENT 01 DEC 2025 IS RESCINDED."[42]

q. On August 7, 2025, Technical Sergeant Cassidy received Special Order No. AC-006414, which stated, in pertinent part, "DAFSO AC-005995, 16 JUN 2025, RELATING TO YOUR DATE RELIEVED FROM ACTIVE DUTY 30 NOV 2025 AND RETIREMENT 01 DEC 2025 IS RESCINDED."[43]

52. Neither the August 4 Memorandum, nor any of the orders that Plaintiffs received, identified any "fraud, manifest error, mathematical error, mistake of law, or substantial new evidence" to justify the rescission of Plaintiffs' retirement orders. *See* DAFI 36-3203, § 1.1.4.

## CLAIMS

### COUNT I – VIOLATION OF 10 U.S.C. § 9329

53. Each of the foregoing paragraphs is hereby re-alleged and incorporated by reference as if set forth in their entirety herein.

54. 10 U.S.C. § 9329 provides that "[a] member of the Air Force or the Space Force retired under this chapter is entitled to retired pay computer under chapter 945 of this title," thereby conferring a substantive right to monetary benefits against the United States to service members retired pursuant to § 9311 or § 9314.

55. Under the National Defense Authorization Acts for Fiscal Years 1993 and 2017 and DoDI 1331.46, the Secretary of the Air Force was authorized to make retirement under § 9311 or § 9314 available to members with at least 15 years of service.

---

[42] Master Sergeant Hart's retirement rescission order is attached to this Complaint as Exhibit 37.

[43] Technical Sergeant Cassidy's retirement rescission order is attached to this Complaint as Exhibit 38.

56. With delegated authority from the Secretary of the Air Force, the Acting Assistant Secretary of the Air Force for Manpower and Reserve Affairs permitted Plaintiffs to request retirement under § 9311 or § 9314 with 15–18 years of service.

57. The Air Force issued retirement orders to each Plaintiff "BY ORDER OF THE SECRETARY OF THE AIR FORCE," thereby entitling them to retirement pay under § 9329.

58. As reflected in the August 4 Memorandum and subsequent confirmatory recission orders, the Air Force then rescinded each of these retirement orders.

59. Under Department of the Air Force Instruction 36-3203, a retirement order may only be rescinded in limited circumstances.

60. No representative of the United States identified any such circumstances.

61. No such circumstances applied to the rescission of Plaintiffs' retirement orders.

62. Accordingly, the rescission of Plaintiffs' retirement orders was unlawful and invalid, and Plaintiffs' retirement orders remain valid and effective.

63. As a direct result of this unlawful and invalid rescission of their retirement orders, Plaintiffs are being deprived of the retirement pay to which they are entitled under § 9329.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter judgment against Defendant and grant the following relief:

a. Award Plaintiffs money and other benefits in an amount to be determined at trial;

b. Order that the rescission of Plaintiffs' retirement orders, as reflected in the August 4 Memorandum and subsequent confirmatory recission orders, was unlawful and invalid;

c. Order that Plaintiffs' rescinded retirement orders be reinstated and that their military records be corrected accordingly, with the retirement effective dates and durations of

service adjusted to account for any days that Plaintiffs continue to serve after the retirement effective dates specified in the rescinded orders;

    d.    Award Plaintiffs interest, costs, and attorneys' fees; and

    e.    Grant such other and further relief as the Court deems just and proper.

Date: November 10, 2025

Respectfully submitted,

/s/ Eli Segal

| | |
|---|---|
| Jennifer Levi (*pro hac vice* forthcoming) | Eli Segal (counsel of record) |
| Michael Haley (*pro hac vice* forthcoming) | Michael Weingartner (*pro hac vice* forthcoming) |
| GLBTQ LEGAL ADVOCATES & DEFENDERS | STAPLETON SEGAL COCHRAN LLC |
| 18 Tremont Street, Suite 950 | 1760 Market Street, Suite 403 |
| Boston, MA 02108 | Philadelphia, PA 19103 |
| jlevi@gladlaw.org | esegal@stapletonsegal.com |
| mhaley@gladlaw.org | mweingartner@stapletonsegal.com |
| T: (617) 426-1350 | T: (215) 402-6555 |
| | |
| Shannon P. Minter (*pro hac vice* forthcoming) | Jeremy S. Spiegel (of counsel) |
| Christopher F. Stoll (*pro hac vice* forthcoming) | LAW OFFICE OF JEREMY SPIEGEL |
| NATIONAL CENTER FOR LGBTQ RIGHTS | 123 South Broad Street, Suite 1850 |
| 1401 21st St. #11548 | Philadelphia, PA 19109 |
| Sacramento, CA 95811 | spiegel@jeremyspiegellaw.com |
| sminter@nclrights.org | T: (215) 609-3154 |
| T: (415) 392-6257 | |